Abraham 1ST. (teller, J.
This is a motion by defendant life insurance company for an order directing that plaintiff shall bring in the United States of America as an indispensable party by virtue of its outstanding tax liens on the insurance proceeds against the plaintiff.
*393 Plaintiff urges that defendant has mistaken its remedy, that as a stakeholder it may invoke defensive interpleader pursuant to section 285 of the Civil Practice Act and serve a complaint as an interpleading plaintiff upon the adverse claimant, the United States of America.
Defendant, however, points out that the United States, as a .sovereign, may not be interpleaded without its consent. Consent has been given in section 2410 of title 28 of the United States Code, but only with respect to actions to quiet title to property upon which the United States has a lien and when brought by a person having an interest in that property. Assuming that an interpleader proceeding falls within the terms thereof, defendant does not qualify to invoke the Government’s consent, since it makes no claim to and has no interest in the fund in its possession. Accordingly, defendant does not have available to it the remedy of defensive interpleader as against the United States or any other proceeding to bring it into this action.
But plaintiff has an interest in the fund and qualifies to invoke the Government’s consent to be sued. The United States also has an interest in the fund by virtue of its tax liens, which, pursuant to section 6321 of the Internal Bevenue Code (U. S. Code, tit. 26, § 6321), is to be treated as a definite ownership interest therein. It is therefore an indispensable party whose absence would prevent an effective determination of the controversy. Accordingly, the motion and consequential relief as sought in the notice of motion are granted, except that plaintiff shall have 60 days to bring in the United States as an indispensable party.